Michael E. Piston
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350
michaelpiston4@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GANGA BHAVANI MANTENA** <br><br> Plaintiff, <br><br> vs. <br><br> **DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES , and MARK J. HAZUDA, Director of the United States Citizenship and Immigration Services' Nebraska Service Center** <br><br> Defendants. | Case No.: 1:17-cv-05142-WHP <br><br> FIRST AMENDED COMPLAINT <br><br> HON. WILLIAM H. PAULEY III |

1

# COMPLAINT

## DESCRIPTION OF ACTION

1. This first amended complaint is brought in this action by plaintiff, Ganga Bhavani Mantena, A089050903, against the Department of Homeland Security, United States Citizenship and Immigration Services, and Mark J. Hazuda, Director of the United States Citizenship and Immigration Services' Nebraska Service Center, to compel agency action unreasonably delayed on the Forms I-485, Application to Register Permanent Residence or Adjust Status (application for adjustment of status), Ms. Mantena has filed with the defendants, and which have been assigned File Nos. LIN0726450686 and SRC1318950392.

## JURISDICTION

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiff, GANGA BHAVANI MANTENA is a citizen of India, currently lawfully present in the United States in New York County, New York.

4. The DEPARTMENT OF HOMELAND SECURITY is the department of the United States government vested with the ultimate authority to adjudicate applications for adjustment of status. It resides in the District of Columbia.

5. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES is the agency within the Department of the Homeland Security to which the department has delegated its authority to adjudicate applications for adjustment of status.

6. The defendant, MARK J. HAZUDA, is the Director of the Nebraska Service Center of the United States Citizenship and Immigration Services, where plaintiff's applications for adjustment of status are apparently currently pending. He performs his official duties and so resides for venue purposes within the State of Nebraska.

## BRIEF STATEMENT OF PERTINENT FACTS

7. Much of the factual background of this case was aptly summarized by the Second Circuit Court of Appeals in *Mantena v. Johnson*, 809 F.3d 721 (2d Cir. 2015), in which that court wrote:

> Much of our Court's recent docket has been consumed with poor, often pro se, immigrants who lack, but hope to obtain, legal status. The current case addresses a differently situated immigrant with parallel aspirations. Ganga Mantena, a relatively affluent and skilled computer programmer, legally arrived in the United States on an H1-B visa and pursued employment-based status adjustment to permanent residency, colloquially known as a "green card." Mantena's pursuit occurred with benefit of

3

counsel and, by the time of this appeal, of knowledgeable amici curiae as well. Shortly after her arrival, Mantena's original petitioning employer [Vision Systems Group, Inc. (VSG)][1] filed an alien labor certification for Mantena with the Department of Labor, followed by an I-140 "Immigrant Petition for Alien Worker" with the United States Citizenship and Immigration Services (USCIS), in accordance with the relevant provisions of the Immigration and Nationality Act (INA). Pursuant to the INA, Mantena then filed for adjustment of status to obtain a green card. Mantena subsequently took advantage of recent federal legislation intended to increase the job flexibility of workers, the so-called "portability" provisions of the American Competitiveness in the 21st Century Act of 2000, 8 U.S.C. § 1154(j) and 8 U.S.C. § 1182(a)(5)(A)(iv). These provisions allow an individual to change jobs or employers while preserving the validity of not only the individual's application for adjustment of status but also the underlying immigrant visa petition and alien labor certification filed by the earlier employer.

Understandably, Mantena remained sanguine about her adjustment process. It turned out, however, that there were serious problems in the visa petition, filed by the employer for whom she no longer worked, that underlay the green card application. This employer pleaded guilty to mail fraud in connection with an immigration petition filed on behalf of a different employee. USCIS subsequently decided to initiate the revocation of all petitions filed by the employer, asserting that all such petitions might be fraudulent. But neither Mantena nor her new employer [CNC Consulting, Inc. (CNC)] was informed of any of this.

By the time Mantena heard of her original employer's immigrant petition revocation, her green card application had been automatically denied. Indeed, it was this denial that purportedly gave her notice of the I-140 revocation. Multiple appeals and legal challenges later, her case is now before us.

Mantena's case illustrates the importance of notifying affected parties of material changes in their proceedings and statuses and of giving them an opportunity to respond. This is true for any legal proceeding, but is a particular and continuing concern for immigrants throughout the multistep administrative process. The questions before us are, however, whether such notification is required by law and, if it is, where jurisdiction lies and who has standing to enforce that requirement.

The district court dismissed Mantena's statutory and regulatory notice claims on jurisdictional grounds. It dismissed her constitutional due process claim for failure to identify a protected interest." *Mantena,* 809 F.3d at 723-724.

8. The court of appeals then went on to hold that:

> We disagree with respect to jurisdiction over these claims and we envision no problems regarding Mantena's standing to bring her claims. We also conclude that timely notice, the lack of which occurred because of unintended cracks between new

---

[1] Material in square brackets are not part of the court of appeals' opinion but rather are inserted by the plaintiff for clarity.

congressional legislation and old regulations, is required by the amended statutory scheme. Accordingly, we decline to address the constitutional claim. We remand for supplemental briefing to establish more precisely which parties, in addition to the original petitioner of the immigrant visa, are entitled to notice pertaining to a visa petition's revocation.

*Id.* at 724.

9. Finally, it held that:

   USCIS acted inconsistently with the statutory portability provisions of AC-21 by providing notice of an intent to revoke neither i) to an alien beneficiary who has availed herself of the portability provisions to move to a successor employer nor ii) to the successor employer, who is not the original I-140 petitioner, but who, as contemplated by AC-21, has in effect adopted the original I-140 petition. And, in so holding, we recognize that, in some contexts, these beneficiary and successor employer entities may be one and the same, since USCIS permits beneficiaries to port to self-employment.

   *Id.* at 736 (2d Cir. 2015)

10. The Second Circuit's opinion however failed to mention that Ms. Mantena filed a second application for adjustment of status on October 30, 2014, which was assigned File No. SRC1318950392.

11. Thereafter this Court issued a Stipulation and Order of Dismissal ordering USCIS to reopen its revocation of VSG's I-140 and the denial of Ms. Mantena's application for adjustment of status.

12. This notice provided, among other things, that if USCIS should "(i)ssue another notice of intent to revoke the approval of the I-140 petition it shall do so in a manner consistent with the Second Circuit Court of Appeals' opinion dated December 30, 2015."

13. The USCIS thereafter reopened VSG's I-140 upon Ms. Mantena's behalf, as well as her application for adjustment of status, File No. LIN0726450686, but not her other application for adjustment of status, File No. SRC1318950392.

14. That application, when filed by Ms. Mantena on October 30, 2014, was supported by a application a Petition for Immigrant Worker, Form I-140, filed upon her behalf by Mastech, Inc.

15. One of the requirements for filing such an application is that an immigrant visa be available to the applicant at the time of the application's filing.

16. An immigrant visa is considered available to an applicant if the "priority date" of that petition (in this case, the date that Mastech filed an application for labor certification for Ms. Mantena with the Department of Labor) is earlier than the "visa cut off date" published by the Department of State in the Visa Bulletin applicable to the beneficiary's country of chargeability (typically one's country of birth, in Ms. Mantena's case, India) and preference category (in this case, the second employment based preference).

17. While the priority date attributable to Mastech's petition was not, on its own, earlier than the applicable visa cut-off date published in the October, 2014 Visa Bulletin, it was earlier than that date if VSG's priority date was deemed transferred to it via the provisions of 8 C.F.R. § 204.5(e) (2014).[2]

18. On January 20, 2015 defendant Mark Hazuda issued a decision denying the application for adjustment of status assigned File No. SRC1318950392 because, inasmuch as the USCIS had cited fraud as one of the reasons for revoking VSG's I-140 (the first time)

---

[2] 8 C.F.R. § 204.5(e) (2014) provided on October 30, 2014 that: "Retention of section 203(b) (1), (2), or (3) priority date. A petition approved on behalf of an alien under sections 203(b) (1), (2),
or (3) of the Act accords the alien the priority date of the approved petition for any subsequently filed petition for any classification under sections 203(b) (1), (2), or (3) of the Act for which the alien may qualify. In the event that the alien is the beneficiary of multiple petitions under sections 203(b) (1), (2), or (3) of the Act, the alien shall be entitled to the earliest priority date. A petition revoked under sections 204(e) or 205 of the Act will not confer a priority date, nor will any priority date be established as a result of a denied petition. A priority date is not transferable to another alien." However, Chapter 22.2(d)(i) of the Adjudicator's Field Manual (AFM) clarifies that a revocation of the prior petition will prevent its priority date from transferring to a subsequent petition only when the basis of the revocation is fraud.

upon Ms. Mantena's behalf, therefore its priority date did not transfer to Mastech's I-140, and so there was no immigrant visa available to Ms. Mantena.

19. On June 13, 2016 the USCIS's Administrative Appeals Office (AAO) notified Michael E. Piston, Ms. Mantena's and CNC's attorney, that VSG's I-140 had been certified to it and stated "you may submit a brief to us or other written statement for consideration.".[3]

20. Although it was not clear for what purpose AAO wished this briefing, Michael E. Piston sent a brief to AAO upon behalf of Ms. Mantena and CNC on July 15, 2016, demonstrating that both Ms. Mantena and CNC were "affected parties" for the purpose of VSG's I-140 upon behalf of Ms. Mantena, that VSG's conviction in an unrelated immigration matter was not evidence of fraud in the instant I-140 and that the record contained no other evidence of fraud or any other impropriety pertaining to that petition.

21. On approximately October 16, 2016, Michael E. Piston, acting in his capacity as Ms. Mantena and CNC's Attorney, sent USCIS a notice form both withdrawing VSG's I-140 upon behalf of Ms. Mantena stating (in material part) that:

> As you may be aware, this petition was "ported" by Ms. Mantena to CNC Consulting Inc. pursuant to the provision of INA § 204(j). *Mantena v. Johnson*, 809 F.3d 721, 724 (2d Cir. 2015). As a consequence the 2nd Circuit held that ", it only makes sense that the subsequent employer be treated as the de facto petitioner and thus entitled to adequate notice in cases of visa petition revocations. This should especially be the case here, where Mantena and her successor employer wrote to USCIS explicitly seeking to substitute the new employer for VSG." *Mantena*, 809 F.3d at 724. Although the court ultimately declined to rule expressly who would have the rights of a petitioner following the beneficiary's exercising her rights under section 204(j) to port the petition to a new employer, it made clear that such party would be either CNC Consulting, Inc., Ms. Mantena or both. *Id*. at 736. Inasmuch as the 2nd Circuit's decision makes it clear that either CNC Consulting, Inc., Ms. Mantena or both, now enjoy Vision System Group, Inc. rights as the I-140 petitioner, I now exercise their rights, as the attorney of record in this matter for both of them, to withdraw the

---

[3] It is not clear whether the notice was given to Michael E. Piston as Ms. Mantena's attorney, CNC's attorney, or both.

    petition originally filed by Vision System Group, Inc. on Ms. Mantena's behalf in File Nos. A89050903 and LIN0627353014.

22. Sometime thereafter, without taking any apparent action in response to the requested brief, the AAO transferred VSG's petition to the USCIS's Nebraska Service Center (NSC), which on December 16, 2016 issued Ms. Mantena a Notice of Intent to Revoke (NOIR), disputing the effectiveness of the withdrawal of VSG's petition and indicating its intention to revoke VSG's I-140 and invalidate its underlying labor certification.

23. The notice indicated that "(t)he petitioner and beneficiary are hereby granted thirty-three (33) days in which to submit to this office evidence in support of the petition and the labor certification, and in opposition to the intended revocation and invalidation."

24. Ms. Mantena's response to this notice was timely delivered by FedEx (tracking number 785334255717) to the Nebraska Service Center on the morning of January 17, 2017 and signed for by a "R. Williams" in its Shipping and Receiving Department.[4]

25. Ms. Mantena's response demonstrated that any purported revocation of this petition would be invalid as a matter of law inasmuch as the petition had already been withdrawn.

26. Ms. Mantena's response also demonstrated that the USCIS failed to establish that the evidence of record at the time the notice was issued, if unexplained and unrebutted, would have warranted a denial based on the petitioner's failure to meet its burden of proof, nor that the decision provided any basis for invalidation of the labor certification

---

[4] The NOIR was issued on 12/13/16. That date plus 33 days is January 15, 2017 which is a Sunday. When a due date is on a weekday or holiday, the actual due date becomes the next business day. Monday January 16, 2017 was George Washington's Birthday, a federal holiday. Tuesday, January 17, 2017 was the first business day after January 15, 2017 and thus the due date of the response. 8 C.F.R. § 1.2.

inasmuch as it failed to establish any fraud or willful misrepresentation of a material fact involving the labor certification application, 20 CFR § 656.30(d), and accordingly, that revocation was unwarranted.

27. Finally, the response showed that the USCIS's purported authority under 20 C.F.R. §656.30(d) to invalidate labor certifications was ultra vires to the extent that it purported to provide authority to the Secretary of Homeland Security to disapprove an application for alien labor certification under 8 U.S.C. § 1182(d)(5)(A), an authority exclusively invested by Congress in the Secretary of Labor.

28. On February 28, 2017, the USCIS issued a decision purporting to revoke the petition on much the same grounds as the Notice of Intent to Revoke.

29. This decision manifestly failed to consider Ms. Mantena or CNC's response to the notice of intent to revoke inasmuch as it expressly stated that no timely response had been received to the notice.

30. The decision also expressly stated that it would be final, unless an appeal was filed with the Administrative Appeals Office within eighteen (18) days.

31. On March 16, 2018, Ms. Mantena filed a timely appeal to the Administrative Appeals Office.

32. Nevertheless, on March 24, 2017, USCIS issued a decision denying Ms. Mantena's application for adjustment of status in File because VSG's visa petition, upon which the application had been based at the time of filing, had been revoked and finding that VSG's petition was not valid for porting under 8 U.S.C. § 1154(j) and that its priority date did not transfer to a visa petition subsequently approved upon Ms. Mantena's behalf.

33. Thereafter Ms. Mantena commenced the instant action to set aside the second revocation of VSG's I-140 on the ground it was not in accordance with law because, among other things, the USCIS defied the above referenced decision of the Second Circuit and order of this Court by failing to consider Ms. Mantena and CNC's timely response to the (second) notice of intent to revoke VSG's petition.

34. Further, she asked that the USCIS vacate the denial of her applications for adjustment of status which have been assigned File Nos. LIN0726450686 and SRC1318950392 because both were premised upon the revocation of VSG's I-140.

35. In response to this action, the USCIS has in fact vacated the revocation of VSG's I-140 a second time, as well as the denials of both of Ms. Mantena's applications for adjustment of status.

36. In the decision vacating (again) the revocation of VSG's I-140, the USCIS expressly acknowledged that it had failed to consider the timely filed response to the Notice of Intent to Revoke.

## CAUSE OF ACTION
## COUNT 1

37. Both of the Ms. Mantena's applications for adjustment of status have been unreasonably delayed by the defendant's erroneous revocation of VSG's I-140 on two (2) separate occasions.

38. 5 U.S.C§ 706(1) provides reviewing courts with the authority to compel agency action unlawfully withheld or unreasonably delayed.

39. The defendants have caused both of Ms. Mantena's applications for adjustment of status to be unreasonably delayed by twice failing to comply with law and/or court order in revoking VSG's I-140 upon Ms. Mantena's behalf.

40. As a consequence, final adjudication of both of Ms. Mantena's applications for adjustment of status has been delayed long beyond the time reasonably required by the defendants to adjudicate it.

41. According to the USCIS's website, the Nebraska Service Center normally requires 8 months to adjudicate an employment based application for adjustment of status.

42. However, Ms. Mantena's application for adjustment of status which was assigned File No.SRC1318950392 was filed over 33 months ago and still has not been finally adjudicated, and is currently pending before the Nebraska Service Center.

43. Ms. Mantena's application for adjustment of status which was assigned File No. LIN0726450686 has been pending much longer than that assigned File No. SRC13189503 and likewise is yet to be finally adjudicated.

44. Virtually all the delays in these matters can be traced solely to the USCIS having twice erroneously revoked VSG's I-140 upon Ms. Mantena's behalf.

45. Inasmuch as it is not reasonable for the USCIS to revoke a form I-140 in a manner contrary to law and/or or court order, both application for adjustment of status have been unreasonably delayed.

WHEREFORE this Court should compel the defendants to finally adjudicate Ms. Mantena's applications for adjustment of status which have been assigned File Nos. LIN0726450686 and SRC1318950392 within thirty (30) days of this Court's order.

Respectfully submitted this 15th day of September, 2017

*s/Michael E. Piston*

_____
Michael E. Piston
Attorney for Plaintiff
225 Broadway,
Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com