**Michael E. Piston**
*Attorney at Law*
225 Broadway,
Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

Michael E. Piston*

*Admitted in the State of Michigan.
Practice in the State of New York limited
to the federal courts and administrative
agencies

January 5, 2018

The Honorable William H. Pauley III United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Mantena v. USCIS, et al.,* 17 Civ. 5142 (WHP)

Greetings Judge Pauley:

Pursuant to Your Honor's Individual Practice Rules in Civil Cases, I write respectfully on behalf of the plaintiff to request a pre-motion conference to discuss plaintiff's proposed Motion To Postpone The Effectiveness Of The Denial Of Plaintiff's Applications For Adjustment Of Status so that she will cease accruing "unlawful presence" during the pendency of this application.

### I.   Background

This action began with plaintiff's complaint to hold unlawful and set aside the defendants' decisions denying her two I-485 adjustment-of-status applications because they were erroneously denied as result of a non-final revocation of a Form I-140 filed upon plaintiff's behalf by a defunct company by the name of Visions Systems Group, Inc. (VSG) (ECF 1). The defendants' responded by sua sponte vacating its revocation of the Form I-140 and denial of both Forms I-485 referred to in the complaint, because they realized that they erroneously disregarded plaintiff's timely response to the notice of intent to revoke VSG's I-140.

1

Thereafter the parties stipulated to the filing of plaintiff's first amended complaint asking this Court to direct the defendants to adjudicate those Forms I-485 in a timely manner (ECF 51). On October 30, 2017 the defendants again revoked VSG's I-140 and on November 2, 2017 both of the plaintiff's Forms I-485 were denied again, despite the fact that, once again, the revocation of VSG's I-140 was not final, since the 18 day period for filing an appeal had not yet expired, the revocation expressly stated it would not be final if a timely appeal were filed, and such an appeal was in fact timely filed on December 14, 2017.

Plaintiff has recently requested a preliminary conference to discuss filing a second amended complaint to enable her to seek the same relief which she sought when she filed this action, that is, holding unlawful and setting aside the defendants' decisions denying plaintiff's applications on the basis of a non-final revocation of VSG's I-140. She now also requests a preliminary hearing to discuss her proposed motion to suspend the effectiveness of those denials while this action is pending.

II. A STAY OF THE EFFECTIVENESS OF THE DENIAL OF PLAINTIFF'S FORMS I-485 SHOULD BE APPROVED BECAUSE POSTPONEMENT IS NECESSARY TO PREVENT HER FROM SUFFERING IRREPARABLE HARM

5 U.S.C. § 705 provides that:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

Both on its face and in the opinion of the Court in *Valona v. United States*, 165 F.3d 508, 511 (7th Cir. 1998), all that is required to postpone the effectiveness of a decision pending review is evidence that failure to do so will cause the plaintiff irreparable injury, which it certainly will here. A foreign national who is unlawfully present in the U.S. for over 180 days, then departs, is thereby rendered inadmissible for 3 years, 8 U.S.C. § 1182(a)(9)(B)(i)(I), while one who is unlawfully present for a year or more, then departs, is inadmissible for 10 years § 1182(a)(9)(B)(i)(II). Since the plaintiff has been unlawfully present since her Forms I-485 were denied on November 2, 2017, she will be forced to depart the U.S. by May 1, 2018 to avoid the 3 year bar. Such a departure will abandon both her applications for adjustment of status, 8 C.F.R. § 245.2(a)(4)(ii) and so will result in the loss of her right to adjust status in the United States, which is irreparable harm. *See Vargas v. Meese*, 682 F. Supp. 591, 595 (D.D.C. 1987) ("The

Court holds that plaintiffs have shown that without an injunction, they will be irreparably harmed. Under the SAW program, according to the plain language of the statute, applicants may file for a change of status in the United States. That statutory right to file will be mooted if their applications are not accepted in this country.").

Accordingly, the plaintiff requests a preliminary conference to discuss her proposed motion, a copy of which is submitted as an exhibit to this letter.

Respectfully Submitted

*s/Michael E. Piston*
Michael E. Piston
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350

    cc:                    Counsel of record *(by ECF)*