**MEMO ENDORSED**


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

December 11, 2017

**<u>By ECF</u>**

The Honorable William H. Pauley III
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Mantena v. USCIS, et al.,* 17 Civ. 5142 (WHP)

Dear Judge Pauley:

    Pursuant to Your Honor's Individual Practice Rules in Civil Cases, I write respectfully on behalf of the government to request a pre-motion conference to discuss a proposed motion to dismiss the Amended Complaint (ECF No. 51) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). As discussed below, the Amended Complaint should be dismissed because the plaintiff has obtained the relief requested in this complaint, and therefore this action is moot.

    **I.    Background**

    This case is a mandamus action in which the plaintiff Ganga Bhavani Mantena ("Ms. Mantena") seeks an order directing U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her two I-485 adjustment-of-status applications. On November 2, 2017, subsequent to the filing of the Amended Complaint, USCIS denied both adjustment-of-status applications.

    **II.    This Amended Complaint Should Be Dismissed As Moot**

    "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution[,] under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416

The Honorable William H. Pauley III
December 11, 2017
Page 2

U.S. 312, 316 (1974) (per curiam) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)).  Because the Constitution's "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citations omitted), once a case becomes moot, a federal court is deprived of subject-matter jurisdiction over the action, *see Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and the court "'must dismiss the case,'" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)).

Because USCIS has denied plaintiff's I-485 applications, the plaintiff has obtained the relief she sought in the Amended Complaint, and the action is moot.  *See Lawal v. U.S. I.N.S.*, No. 94 Civ. 4606 (CSH), 1996 WL 384917 (S.D.N.Y. July 10, 1996) (dismissing complaint as moot because "[t]he only relief that the complaint sought was a judicial order that the INS act," and "[t]he INS has acted").

As indicated in our letter to the Court dated November 8, 2017 (ECF No. 54), plaintiff's counsel informed us of his intent to move for leave to file a Second Amended Complaint ("SAC").  To date, plaintiff has not filed such a motion.  Accordingly, the government intends to seek dismissal of the Amended Complaint, which remains the operative pleading, for lack of subject-matter jurisdiction.

I thank the Court for its consideration of this submission.

        Respectfully,

        JOON H. KIM
        Acting United States Attorney for the
        Southern District of New York

By:   */s/* Nelsy De La Nuez
      Nelsy De La Nuez
      Special Assistant United States Attorney
      Tel.   (212) 637-2770
      Fax   (212) 637-2786

cc:       Counsel of record **(by ECF)**

```
In view of Defendants' letter dated January 11, 2018, consenting to the filing of
Plaintiff's Second Amended Complaint (ECF No. 59), the Defendants' request for a pre-motion
conference seeking dismissal of the Amended Complaint is moot.  The Government's request
for a 60-day extension to respond to Plaintiff's Second Amended Complaint is granted.
The Clerk of Court is directed to terminate the motions pending at ECF Nos. 56 and 59.
```

SO ORDERED:

_/s/ William H. Pauley III_   1-12-18
WILLIAM H. PAULEY III
U.S.D.J.