

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 12, 2018

**By ECF**
The Honorable William H. Pauley III
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Mantena v. USCIS, et al.,* 17 Civ. 5142 (WHP)

Dear Judge Pauley:

On behalf of the government, I write respectfully to inform the Court of its position concerning the motion to postpone the effectiveness of the decisions denying plaintiff's applications for adjustment of status (ECF No.58 ).

Without prejudice to other arguments the government may make in opposition to the motion, including an argument concerning likelihood of success on the merits, the government would oppose plaintiff's request for an injunction to postpone the effectiveness of the adjustment of status applications because she has not established irreparable harm either to merit relief under 5 U.S.C. § 705 or to obtain an injunction.  "A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Stagg P.C. v. United States Dep't of State*, 673 F. App'x 93, 95 (2d Cir. 2016)."

Plaintiff has not established that she will suffer irreparable harm.  Plaintiff states in her motion that if this injunction is not granted she will accrue unlawful presence.  If, however, the Court grants plaintiff's relief and remands the applications to USCIS to be reopened and have the denials set aside no unlawful presence will have accrued from the previous denial.  *See* USCIS, Donald Neufeld, Consolidation of Guidance Concerning Unlawful Presence for purposes of sections 212(a)(9)(B)(i) and 22(a)(9)(C)(i)(I) of the Act, May 6, 2009, available at https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/2009/revision_redesign_AFM.PDF; *see also Aranas v. Napolitano*, SACV 12–1137 CBM (AJWx), 2014 WL 12745970, at *2 (C.D. Cal. Feb. 12, 2014) ("Plaintiffs also express concern regarding whether those with outstanding petitions or applications would accrue unlawful presence once a previously denied application is reopened. Defendants respond that in the Neufeld

The Honorable William H. Pauley III
January 12, 2018
Page 2

Memorandum, if USCIS reopens a previously denied but properly filed I–485 application, the application is deemed pending from the date of its initial filing, and during its pendency, the alien does not accrue unlawful presence.  If the application is granted, then the alien is lawfully admitted for permanent residency and the unlawful presence bars do not apply.").

      I thank the Court for its consideration of this submission.

                         Respectfully,

                         GEOFFRY S. BERMAN
                         United States Attorney for the
                         Southern District of New York

By:     */s/* Nelsy De La Nuez
                         Nelsy De La Nuez
                         Special Assistant United States Attorney
                         Tel.   (212) 637-2770
                         Fax   (212) 637-2786

cc:     Counsel of record *(by ECF)*