

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

March 13, 2018

*<u>By ECF</u>*

The Honorable William H. Pauley III
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Mantena v. USCIS, et al.,* 17 Civ. 5142 (WHP)

Dear Judge Pauley:

  Pursuant to your Honor's Individual Practice Rules in Civil Cases, I write respectfully on behalf of the government to request a pre-motion conference in contemplation of a motion to dismiss the Second Amended Complaint (ECF No. 67) under Fed. R. Civ. P. 12(b)(1). As discussed below, the Second Amended Complaint should be dismissed because the plaintiff has obtained the relief requested in this complaint, thereby mooting this action or, in the alternative, because there is no longer a final agency action subject to judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704.

  **I.** **Background**

  This case is an APA action in which the plaintiff Ganga Bhavani Mantena ("Ms. Mantena") seeks an order directing U.S. Citizenship and Immigration Services ("USCIS") to set aside her denied I-485 adjustment-of-status applications, I-131 application for travel document, and I-765 application for employment authorization. On February 5, 2018, USCIS reopened plaintiff's two I-485 applications. According to USCIS's records, plaintiff's I-131 and I-765 applications were approved.

## II. The Second Amended Complaint Should Be Dismissed As Moot

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution[,] under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). Because the Constitution's "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citations omitted), once a case becomes moot, a federal court is deprived of subject-matter jurisdiction over the action, *see Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and the court "'must dismiss the case,'" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)).

Because USCIS has reopened plaintiff's I-485 applications and approved the I-131 and I-765 applications, the plaintiff has obtained the relief she sought in the Second Amended Complaint, and the action should be dismissed as moot. *See Lawal v. U.S. I.N.S.*, No. 94 Civ. 4606 (CSH), 1996 WL 384917 (S.D.N.Y. July 10, 1996) (dismissing complaint as moot because "[t]he only relief that the complaint sought was a judicial order that the INS act," and "[t]he INS has acted").

## III. Plaintiff's I-485 Applications Have Been Reopened and Are Not Final Decision Under the APA

Furthermore, Plaintiff may not raise an APA challenge to USCIS' determinations concerning her I-485 applications. USCIS has reopened those applications; therefore, the agency's prior determinations are no longer considered final agency actions under the APA. Under the APA, a court may review federal agency action only if there is a statute permitting such review or if the challenged decision is the "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The finality of an agency's decision is satisfied by two conditions: "[f]irst, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *6801 Realty Co., LLC v. USCIS*, 17-256, 2018 WL 258791, at *1 (2d Cir. Jan. 2, 2018). When an agency reopens a final decision being reviewed by the Court, the decision is no longer a final agency action subject to review under the APA. *Id.* at *2 ("USCIS's decision to reopen nullified the prior denial and left nothing for the district court to review."). Here, both I-485 applications have been reopened and are thus non-final. Accordingly, to the extent

The Honorable William H. Pauley III
March 13, 2018
Page 3

Plaintiff challenges USCIS's denials of those I-485 applications under the APA, those claims are barred under 5 U.S.C. § 704.[1]

  I thank the Court for its consideration of this submission.

         Respectfully,

         GEOFFREY S. BERMAN
         United States Attorney for the
         Southern District of New York

    By: */s/* Nelsy De La Nuez
      Nelsy De La Nuez
      Special Assistant United States Attorney
      Tel. (212) 637-2770
      Fax (212) 637-2786

cc:    Counsel of record *(by ECF)*

---

[1] Whether the requirement of a final agency decision under 5 U.S.C. § 704 is jurisdictional remains an open question in this circuit. *See, e.g.*, *6801 Realty Co.*, 2018 WL 258791, at *1 n.1. Even if the Court finds that Plaintiff's claims concerning her I-485 applications are not subject to dismissal under Rule 12(b)(1), those claims should be dismissed under Rule 12(b)(6).