UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.................................................................................

GANGA BHAVANI MANTENA,

Plaintiff,

-against-

17 Civ. 5142 (WHP)

DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, AND MARK J.
HAZUDA,

Defendants.

......................................................................................

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

Michael E. Piston
Attorney for Plaintiff
225 Broadway, Suite 307
New York, NY 10007
Tel: (646) 845-9895

1

## Table of Contents

**STATEMENT OF FACTS**..................................................................................................**4**

**ISSUES PRESENTED**......................................................................................................**4**

**SUMMARY OF ARGUMENT**..........................................................................................**4**

**ARGUMENT**......................................................................................................................**5**

I.    The government has not carried its heavy burden of demonstrating that there is no reasonable

expectation that it will deny Ms. Mantena's applications for adjustment of status while a timely appeal of

the revocation of VSG's I-140 upon her behalf is pending in the future. **...................................................5**

II.    The government's momentary voluntary cessation, in Ms. Mantena's case, of its policy of denying

applications for adjustment of status while the revocation of the Form I-140 upon which they are based is

on appeal, does not deprive this Court of jurisdiction over this action under the Administrative Procedure

Act...**.................................................................................................................................7**

III.    Exhaustion is not required because there isn't a law or USCIS rule requiring appeal before review of

an application for adjustment of status**...........................................................................8**

**CONCLUSION** **..................................................................................................................9**

# TABLE OF AUTHORITIES

## CASES

*Cty. of L.A. v. Davis*, 440 U.S. 625 (1979) ........................................................................6

*Darby v. Cisneros,* 509 U.S. 137 (1993) .............................................................................8

*Dow Chem. Co. v. United States Envtl. Prot. Agency*, 605 F.2d 673 (3d Cir. 1979).....8

*United States v. W. T. Grant Co.,* 345 U.S. 629 (1953) ....................................................6

## STATUTES

5 U.S.C.  § 706..................................................................................................................5

5 U.S.C. § 706(2) .............................................................................................................6

8 U.S.C. § 1153(b)(2) .......................................................................................................5

## STATEMENT OF FACTS

Except to the extent it contradicts any factual assertions herein, Ms. Mantena does not dispute the government's statement of facts.

## ISSUES PRESENTED

I.  Has the government carried its heavy burden of demonstrating that there is no reasonable expectation that it will deny Ms. Mantena's application for adjustment of status in the future while a timely appeal of another revocation of VSG's I-140 upon her behalf is pending?

II. Has the government's momentary voluntary cessation, in Ms. Mantena's case, of its policy of denying applications for adjustment of status while the revocation of the Form I-140 upon which they are based is on appeal, deprived this Court of jurisdiction over this action under the Administrative Procedure Act?

III. Is there a law or USCIS rule requiring appeal before review of an application for adjustment of status?

## SUMMARY OF ARGUMENT

The government seeks to dismiss Ms. Mantena's claim that the denial of her applications for adjustment of status while the revocation of the Form I-140 which provided the basis for the denial is still on appeal should be held unlawful and set

aside under 5 U.S.C. § 706 (the Administrative Procedure Act) on the grounds that its

voluntary reopening of these applications renders her complaint moot and the

complained of decisions are non-final. This motion should be denied because the

government does not even attempt to explain how it carries its heavy burden of

demonstrating that there is no reasonable expectation that the charged violations will

not recur. What is more, voluntary cessation of the challenged practice does not in any

event deprive this Court of jurisdiction under the Administrative Procedure Act.

Finally, the requirement that Ms. Mantena exhaust her administrative remedies does

not apply to actions under the Administrative Procedure Act where, as here, there are

no law or agency rule requiring that an appeal of a denial of an application for

adjustment of status be taken before judicial review.

## ARGUMENT

I.   The government has not carried its heavy burden of demonstrating that there is
     no reasonable expectation that it will deny Ms. Mantena's applications for
     adjustment of status while a timely appeal of the revocation of VSG's I-140
     upon her behalf is pending in the future.

VSG's approved Immigrant Visa Petition (Form I-140) to classify Ms. Mantena as a

second preference immigrant under 8 U.S.C. § 1153(b)(2) has been revoked by the

United States Citizenship and Immigration Services (USCIS) 3 times. Second

Amended Complaint (ECF Doc. #67) ¶¶12, 21 & 35.  Each time Ms. Mantena

appealed that denial, Id. ¶¶ 13, 22 & 38, but nevertheless each time her applications

for adjustment of status were denied while that appeal was pending. Id. ¶¶ 13, 25 &

35. Twice the revocation of VSG's Form I-140 has been vacated, either upon order of

this Court, Case 1:13-cv-05300-LGS ECF Document #47, "Stipulation and Order of

Dismissal", or upon that of the agency itself, Second Amended Complaint ¶34. Twice

the revocation has then been reinstated by the agency. Id. ¶¶ 21 & 35.

Recently Ms. Mantena filed her Second Amended Complaint in which she asked this

Court to hold unlawful and set aside under 5 U.S.C. § 706(2) the USCIS's denials of

her applications for adjustment of status, despite the fact that she filed a timely appeal

of the third revocation of VSG's Form I-140 upon her behalf. In response, the USCIS

reopened the denial of Ms. Mantena's applications for adjustment of status and stated

its intention not to adjudicate her applications so long as her appeal to the AAO is

pending. ECF Doc. #80 at 10. It now seeks to dismiss this complaint on the grounds it

is moot.

 "(A) case may … be moot if the defendant can demonstrate that 'there is no

reasonable expectation that   the wrong will be repeated.' The burden is a heavy one."

Cty. of L.A. v. Davis, 440 U.S. 625, 644 (1979), quoting United States v. W. T. Grant

Co., 345 U.S. 629, 632-633 (1953). Here the government has made no attempt to

carry its heavy burden that there is not a reasonable expectation that the revocation of

VSG's Form I-140 (which is currently on appeal to the Administrative Appeals

Office) may not be vacated and remanded again to a USCIS regional service center, which may revoke it for a fourth time, and that Ms. Mantena's applications for adjustment of status will not be denied a fourth time even if Ms. Mantena files a timely appeal of such revocation. Certainly the fact that this revocation has been vacated three times already, and that each time VSG's petition was revoked Ms. Mantena's applications for adjustment of status were denied, despite the fact that she consistently appealed this revocation, all provide a much more than reasonable expectation that Ms. Mantena may soon face the same problem which caused her to file her second amended complaint, that is the denial of her applications for adjustment of status despite her appeal of another revocation of VSG's I-140. In fact, the USCIS's website indicates that VSG's I-140 was recently remanded again to a regional service center, suggesting strongly that the revocation is about to be vacated and, presumably issued again, setting up yet another denial of Ms. Mantena's applications for adjustment of status and yet another Sisyphean round of appeal. Exhibit A.

Therefore the government has failed to establish that this action is moot.

II.   The government's momentary voluntary cessation, in Ms. Mantena's case, of its policy of denying applications for adjustment of status while the revocation of the Form I-140 upon which they are based is on appeal, does not deprive this Court of jurisdiction over this action under the Administrative Procedure Act.

Although the government also claims that this Court lacks jurisdiction over this matter because it has rendered its decisions denying her applications for adjustment of status nonfinal by reopening them, the voluntary's cessation of the challenged activity does not deprive this court of jurisdiction over actions under the Administrative Procedure Act challenging that activity. The agency's reopening of Ms. Mantena's applications for adjustment of status constitutes a "voluntary cessation" of the challenged activity. However, such voluntary cessation does not render the challenged action immune to judicial review under the Administrative Procedure Act. "Voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, I. e., does not make the case moot. A controversy may remain to be settled in such circumstances, E. g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways." *Dow Chem. Co. v. United States Envtl. Prot. Agency*, 605 F.2d 673, 679 (3d Cir. 1979) (case brought under the APA).

III.    Exhaustion is not required because there isn't a law or USCIS rule requiring appeal before review of an application for adjustment of status

Finally, the claim that Ms. Mantena has failed to exhaust her administrative remedies may be dismissed out of hand. "(W)here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Darby v. Cisneros*, 509 U.S. 137,

154 (1993). There is no law or USCIS rule requiring appeal before review of an

application for adjustment of status.


## CONCLUSION

The motion to dismiss should be denied.

Respectfully Submitted

*s/Michael E. Piston*
Michael E. Piston
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350
michaelpiston4@gmail.com
June 27, 2018