Michael E. Piston
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350
michaelpiston4@gmail.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GANGA BHAVANI MANTENA**<br><br>Plaintiff,<br><br>vs.<br><br>**DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES , MARK J. HAZUDA, Director of the United States Citizenship and Immigration Services' Nebraska Service Center**<br><br>Defendants. | Case No.: 1:17-cv-05142<br><br>JUDGE WILLIAM H. PAULEY III<br><br>PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON HER THIRD AMENDED COMPLAINT |

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY…………………………………………3

II.   JURISDICTION……………………………………………………………3

    *A.  This Court has jurisdiction to review Ms. Mantena's claim that VSG's I-140 was improperly revoked for fraud because it had already been revoked …………………………………………...4*

*B.  The review of decisions based upon regulations is not barred by Section 1252(a)(2)(B)………5*

III.  STATEMENT OF PERTINENT FACTS……………………………………......6

IV.   SUMMARY OF ARGUMENT……………………………………………...14

V.    ARGUMENT………………………………………………………………...14

A.  USCIS' PURPORTED REVOCATION FOR FRAUD OF VSG'S I-140 WAS INEFFECTIVE BECAUSE VSG'S PETITION HAD ALREADY BEEN AUTOMATICALLY REVOKED BY OPERATION OF LAW………………………………………………………………15

    *1.  VSG's I-140 was automatically revoked by its withdrawal …………………………………15*

    *2.  VSG's I-140 was automatically revoked by the termination of its business……………….....15*

B.  THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW IN FINDING THAT VSG'S LABOR CERTIFICATION WAS REVOKED FOR FRAUD INASMUCH AS THAT FINDING WAS BASED SOLELY UPON THE ULTRA VIRES INVALIDATION OF THAT LABOR CERTIFICATION…………………………………………………………...17

C.  *DECLARATORY JUDGMENT……………………………………………………………19*

VI.   CONCLUSION ……………………………………………………………...20

## I.      INTRODUCTION AND SUMMARY

This is Third Amended Complaint asks the Court to hold unlawful and set aside the USCIS'

Administrative Appeals Office (AAO)'s decision of November 15, 2018, CAR 58,  dismissing Ms.

Mantena's appeal of the USCIS' Texas Service Center (TSC) director's decision revoking Vision

Systems Group, Inc. (VSG)'s immigrant visa petition upon behalf of  Ms. Mantena for the reasons

stated therein, as well as its holding that VSG's petition was revoked for fraud. As will be shown,

this decision was not in accordance with law in that was inconsistent with the Board of Immigration

Appeals' precedent decision in *Matter of Cintron* and numerous decisions of the Administrative

Appeals Office itself, inasmuch as VSG's I-140 had, at that time, already been automatically revoked

when it ceased doing business and/or by its withdrawal. Furthermore, the AAO's decision to uphold

USCIS' invalidation of VSG's approved application for labor certification upon Ms. Mantena's

behalf  for purported fraud should be found not in accordance with law as ultra vires. Likewise,

USCIS' finding that VSG's I-140 was revoked for fraud, having been premised solely upon that

invalidation, should also  be held unlawful and set aside as not in accordance with law. Finally,

inasmuch as VSG's I-140 was not properly revoked for fraud, this Court should issue a declaratory

judgment that the priority date of VSG's I-140 has transferred to Mastech Inc. (Mastech)'s I-140

upon Ms. Mantena's behalf.

## II.      JURISDICTION

This being a civil action against the United States arising under the Immigration and

Nationality Act, 8 U.S.C. § 1101 et. seq.,, the Administrative Procedure Act, 5 U.S.C. § 701 et seq.,

and the Declaratory Judgment Act, 28 U.S.C. § 2201, all laws of the United States, original

jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

A. *This Court has jurisdiction to review Ms. Mantena's claim that VSG's I-140 was improperly revoked for fraud because it had already been revoked*

This Court has "jurisdiction to determine whether USCIS complied with (its) procedural

requirements, …, that were mandated before it could revoke Mantena's employer's I-140

petition." *Mantena v. Johnson*, 809 F.3d 721, 730 (2d Cir. 2015). Accordingly, this Court has

jurisdiction to determine whether the USCIS complied with the procedural limits on denying (or

revoking)[1]  a petition which has already been nullified by automatic revocation, whether

bywithdrawal or some other  means.  Cf.  8  C.F.R.  §  205.1(a)(3)(iii)(C) (automatic

revocation  due  to withdrawal  of  employment  based  petition  by  petitioner) and  8 C.F.R.

§205.1(a)(3)(iii)(D) (automatic  revocation  of  an  employment  based  petition  when  the

petitioner ceases to do business). The Merriman-Webster Dictionary[2]  defines "procedural" as

"of or relating to procedure" , and "procedure" as:

"a particular way of accomplishing something or of acting b: a step in a
procedure"

> 2a: a series of steps followed in a regular definite
> order legal procedure
>
> a surgical procedure
> b: a set of instructions for a computer that has a name by which it can be called into
> action
> 3a: a traditional or established way of doing things[3]

---

[1] The USCIS treats a revocation as a denial. Thus, for example,  it denied Ms. Mantena's application for adjustment of status because its supporting I-140 was revoked; and of course Ms. Mantena was permitted to appeal this revocation as well as file motions to reconsider and reopen the revocation, all action which the regulations permit regarding denials. 8 C.F.R. § 103.5.

[2] Online at https://www.merriman-webster.com.

[3]  https://www.merriam-webster.com/dictionary/procedure

This precisely characterizes the rule of *Matter of Cintron* which held that a petition once withdrawn cannot be denied (or revoked), in that it controls the procedure by which denials or revocations can occur. Here Ms. Mantena complains in material part that the USCIS failed to comply with its procedural prohibition on revoking petitions that had already been denied or
revoked.

Further, in any event, although the 2nd Circuit has held that 8 U.S.C. § 1252 strips jurisdiction over a substantive discretionary decision, *Mantena v. Johnson*, 809 F.3d 721, 728
(2d Cir. 2015), the district court retains jurisdiction to consider a challenge to a non-discretionary
decision regarding an alien's eligibility for the benefit she seeks. *Sharkey v. Quarantillo*, 541 F.3d 75, 82 n.7, 85-86 (2d Cir. 2008); *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005), *An*
*Qi Chen v. Coven*, 672 F. App'x 136, 137 (2d Cir. 2017). Inasmuch as Ms. Mantena does not challenge a discretionary determination, but instead challenges USCIS' failure to transfer VSG's I-140's priority date to Mastech I-140 because, it claims, VSG's I-140 was properly revoked for fraud, it is reviewable by this Court.

B. *The review of decisions based upon regulations is not barred by Section 1252(a)(2)(B)*

The finding that VSG's I-140 was revoked due to fraud was premised solely upon USCIS' invalidation of VSG's labor certification under 20 C.F.R. § 656.30(d), the review of which, like all regulations, is not barred by 8 U.S.C. §1252(a)(2)(B). *Kucana v. Holder*, 558 U.S. 233

(2010). Likewise the request that this Court enter a declaratory judgment holding that VSG's I-140's priority date should transfer to Mastech's I-140 upon Ms. Mantena's behalf, is also not barred from review because it too is premised upon a regulation.

### III.   STATEMENT OF PERTINENT FACTS

Ms. Mantena was born in India on August 28, 1968. CAR 2427. Ms. Matena first came to the United States pursuant to an H-1B visa petition filed by Convansys (formerly known a Complete Business Solution, Inc. ). Ms. Matena worked as a software engineer for Convansys from April 2000 May 2003 as authorized by her H-1B nonimmigrant status. CAR 2494. In  2003, Vision Systems Group, Inc. (VSG) filed an H-1B petition on Plaintiff's behalf. That petition was approved, and Plaintiff started to work for VSG as a software engineer in May 2003. CAR 2353.

On January 13, 2006, VSG filed a labor certification application (LCA) with theDepartment of Labor as the first step in  the process to obtain lawful permanent residence for the   plaintiff for permanent employment with VSG. It was certified on January 19, 2006 by the U.S. Department of Labor. CAR 369. On September 26, 2006 VSG filed an immigration petition (Form I-140) with USCIS on Plaintiff's behalf.  That petition was approved on November 21, 2006 by the USCIS' Nebraska Service Center. CAR 359. On July 24, 2007 Plaintiff filed an application to adjust her status to lawful permanent resident (Form I-485) as authorized by 8 U.S.C §1255(a), 8 C.F.R. § 245 and based on the approved labor certification.   It was assigned File  No. LIN0726450686 (the 1st I-485). CAR 1759. On December 16, 2009, more than 2 years after filing her first application for adjustment of status, Plaintiff changed employment and notified the USCIS. CAR 1593. The

change in employment was authorized and allowed Plaintiff's application for adjustment of status to remain pending as provided under the American Competitiveness in 21st Century Act of 2000, Pub. L. 106-313, 114 Stat. 1251, Oct 17, 2000 (AC-21). Plaintiff then commenced her employment as a software engineer for CNC Consulting, Inc. USCIS authorized this change, which is referred by the USCIS as "porting"  See  §106   (c)(2)(iv)   of AC-21,   which   amended   8 U.S.C. §1182(a)(5)(A),   to permit   long   delayed   adjustment applicants   to  change employers in similar occupations without filing a separate Labor Certification Application.

On October 14, 2010, VSG, though its president, Viswa Mohan Mandalapu, pled guilty to Mail Fraud. CAR 355. The conviction was based on the submission of a nonimmigrant petition filed by VSG on behalf of Suresh Kumar Pola, which contained fraudulent statements and information. CAR 1310. It has never been alleged that this fraud had any relationship to Ms. Mantena or her employment with VSG. On June 28, 2012, the USCIS issued a Notice of Intent to Revoke (NOIR) the I-140 petition that related to the Plaintiff. CAR357. The NOIR was sent only to VSG. Defendants did not notify Plaintiff of their intent to revoke the I-140 of which she was the designated beneficiary. Id.

The NOIR referred to Mr. Mandalapu's guilty plea to mail fraud as the basis to consider that " all cases filed by VSG and its associated entities may be fraudulent." Citing to various precedent decisions by the Board of Immigration Appeals, the NOIR put the burden on the non-existent employer to rebut the stated basis for revocation. Defendants' notice did not identify any information relating to the employment relationship between Plaintiff and VSG. Plaintiff was not notified of this decision, or given any opportunity to respond. Id. VSG did not respond to this notice. CAR 2.

On October 19, 2012 USCIS revoked VSG's I-140 for failure to respond to the NOIR. Id. Once again, USCIS did not notify Plaintiff of the I-140 revocation, which invalidated the I-

7

140 petition which was the basis, directly or indirectly, of Plaintiff's applications for

adjustment of status.CAR 536. On November 20, 2012 the USCIS denied Plaintiff's 1st

application for

adjustment of status (I-485). CAR 1574. Plaintiff timely filed a Motion to Reopen the denial

and requested reversal of the I-140 revocation. CAR 1287.

The Plaintiff fully briefed and argued her legal eligibility for adjustment and her

standing to  challenge the  underlying I-140 revocation to  the  degree such revocation affected

her underlying application.  Id. On February 21, 2013 USCIS denied Plaintiff's motion. CAR

1285. The denial asserted that  empowering  regulations  do not allow  a beneficiary  to  be

party  to any challenge of adverse action on an I-140 Petition. Id.  On   March   8,  2013

Plaintiff   filed another   form   1-290B   Motion   to Reopen/Reconsider. CAR 524. On June

28, 2013 the Defendant USCIS issued a dismissal denying Plaintiff's Motion. CAR 523. On

October 11,  2013 Ms. Mantena commenced case No. 13-5300 by filing a complaint in this

court challenging the revocation of VSG's I-140. *Mantena v. Napolitano*, 2014 U.S. LEXIS

84242, at *7, 2014 WL 2782847 (SDNY 2014).

On October 30, 2014,  Ms. Mantena filed a second Form I-485, Application to Register

Permanent Residence or Adjust Status, with the USCIS.  CAR 807

Ms.  Mantena's above-referenced  lawsuit, after being  initially  dismissed  by  This  Court,  was

appealed to the Second Circuit Court of Appeals, which opined that

> Much of our Court's recent docket has been consumed with poor, often pro se,
> immigrants who lack, but hope to obtain, legal status. The current case addresses a
> differently situated immigrant with parallel aspirations. Ganga Mantena, a   relatively
> affluent and skilled computer programmer, legally arrived in the United States on an
> H1-B  visa and pursued employment-based status adjustment to permanent residency,
> colloquially known as a "green card." Mantena's pursuit occurred with benefit of counsel
> and, by the time of this appeal, of knowledgeable amici curiae as well.

Shortly after her arrival, Mantena's original petitioning employer [Vision Systems Group, Inc. (VSG)]   filed an alien labor certification for Mantena with the Department of Labor, followed by an I-140 "Immigrant Petition for Alien Worker" with the United States Citizenship and __ Immigration Service (USCIS), in accordance with the relevant provisions of the Immigration and Nationality Act (INA). Pursuant to the INA, Mantena then filed for adjustment of status to obtain a green card. Mantena subsequently took advantage of recent federal legislation intended to increase the job flexibility of  workers, the so-called_ "portability" provisions of the American Competitiveness in the 21st Century Act of 2000, 8 U.S.C. § 1154(j) and 8 U.S.C. § 1182(a)(5)(A)(iv). These provisions allow an individual to change jobs or employers while preserving the validity of not only the individual's application for adjustment of status but also the underlying immigrant visa petition and alien labor certification filed by the earlier employer. Understandably, Mantena remained sanguine about her adjustment process. It turned out, however, that there were serious problems in the visa petition, filed by the employer for whom she no longer worked, that underlay the green card application. This employer pleaded guilty to mail fraud in connection with an immigration petition filed on behalf of a different employee. USCIS subsequently decided to  initiate  the  revocation  of  all petitions filed by the employer, asserting that all such petitions might be fraudulent. But neither Mantena nor her new employer [CNC Consulting, Inc. (CNC)] was informed of any of this. By the time Mantena heard of her original employer's immigrant petition revocation,  her  green  card  application  had  been  automatically  denied.  Indeed,  it  was this denial that purportedly gave her notice of the I-140 revocation. Multiple appeals and legal challenges later, her case is now   before us.

 …

The district court dismissed Mantena's statutory and regulatory notice claims on jurisdictional grounds. It dismissed her constitutional due process claim for failure to identify a protected interest.

*Mantena v. Johnson*, 809 F.3d 721, 723-724 (2d Cir. 2015).

The court of appeals then went on to hold that

We disagree with respect to jurisdiction over these claims and we envision no problems regarding Mantena's standing to bring her claims. We also conclude that timely notice, the lack of which occurred because of unintended cracks between new congressional legislation and old regulations, is required by the amended statutory scheme. Accordingly, we decline to address the constitutional claim. We remand for supplemental briefing to establish more precisely_ which parties, in addition to the original petitioner of the immigrant visa, are entitled to notice pertaining to a visa petition's revocation.

   *Mantena,* 809 F.3d at 724.


   Thereafter VSG's I-140 was remanded by this Court to the USCIS and the USCIS *sua sponte* reopened both of Ms. Mantena's Forms I-485.  CAR 498, 1976. On June 13, 2016 the USCIS' Administrative Appeals Office (AAO) notified Michael E. Piston, Ms. Mantena's and CNC's then attorney, that the I-140 had been certified to it and stated "you may submit a brief to us or other written statement for consideration.".  CAR 345. Ms. Mantena and CNC jointly filed a brief through their common counsel on July 15,2016, demonstrating that both Ms. Mantena and CNC were  "affected parties" for the purpose of VSG's I-140 upon behalf of Ms. Mantena, that VSG's  conviction in an unrelated immigration matter was not evidence of fraud in the instant I-140 and that the record contained no other evidence of fraud or any other impropriety in the approval of the I-140.

On approximately October 6, 2016, Ms. Mantena and CNC's common attorney sent USCIS a notice upon behalf of both, withdrawing VSG's I-140 upon behalf of Ms. Mantena, stating (in material part) that:

   As you may be aware, this petition was "ported" by Ms. Mantena to CNC Consulting Inc. pursuant to the provision of INA § 204(j). *Mantena v. Johnson*, 809 F.3d 721, 724 (2d Cir. 2015). As a consequence the 2nd Circuit held that ", it only makes sense that the subsequent employer be treated as the de facto petitioner and thus entitled to adequate notice in cases of visa petition revocations. This should especially be the case here, where Mantena and her successor employer wrote to USCIS explicitly seeking to substitute the new employer for VSG." *Mantena*, 809 F.3d at 724. Although the court ultimately declined to rule expressly who would have the rights of a petitioner following the beneficiary's exercising her rights under section 204(j) to port the petition to a new employer,

it made clear that such party would be either CNC Consulting, Inc., Ms. Mantena or both. *Id*.
at 736. Inasmuch as the 2nd Circuit's decision makes it clear that either CNC Consulting,
Inc., Ms. Mantena or both, now enjoy Vision System Group, Inc. rights as the I-140
petitioner, I now exercise their rights, as the attorney of record in this matter for both of them,
to withdraw the petition originally filed by Vision System Group, Inc. on Ms. Mantena's
behalf in File Nos. A89 050 903 and LIN 06 273 53014.

   CAR 332-333.

Sometime thereafter, without taking any action in response to the requested brief, the AAO

transferred VSG's petition to the USCIS' Nebraska Service Center (NSC), which on December 16,

2016 issued Ms. Mantena a Notice of Intent to Revoke (NOIR), disputing the effectiveness of the

withdrawal of VSG's petition and indicating its intention to revoke VSG's I-140 and invalidate its

underlying labor certification. CAR 310. Ms. Mantena's response to this notice was timely delivered

to the Nebraska Service Center on the morning of January 17, 2017. CAR 292.

   Ms. Mantena's response demonstrated that any purported revocation of this petition would

be invalid as a matter of law inasmuch as the petition had already been withdrawn. Ms. Mantena's

response also demonstrated that the NSC failed to establish that the evidence of record at the time

the notice was issued, if unexplained and unrebutted, would have warranted a denial based on the

petitioner's failure to meet its burden of proof, nor that the decision

provided any basis for invalidation of the labor certification inasmuch as it failed to establish any

fraud or willful misrepresentation of a material fact involving the labor certification application,

20 CFR § 656.30(d), and accordingly, that revocation was unwarranted. Finally, her response

showed that the USCIS' purported authority under 20 C.F.R. § 656.30(d) to invalidate labor

certifications was ultra vires to the extent that it purported to provide authority to the Secretary of

Homeland Security to disapprove an application for alien labor certification under 8

U.S.C. §1182(d)(5)(A), an authority exclusively invested by Congress in the Secretary of Labor.

Id.

On February 28, 2017, the NSC issued a decision purporting to revoke the petition on much the same grounds as the NOIR. This decision manifestly failed to consider Ms. Mantena's or CNC's response to the notice of intent to revoke inasmuch as it expressly stated that no timely response had been received to the notice. The decision also expressly stated that it would be final, unless an appeal was filed with the Administrative Appeals Office within eighteen (18) days. CAR 270.

On March 16, 2017, Ms. Mantena filed a timely appeal of the I-140 revocation to the Administrative Appeals Office.  CAR 193. Nevertheless, while that appeal was still pending, the USCIS issued decisions denying both of Ms. Mantena's applications for adjustment of status because VSG's visa petition, upon which both applications had been based, directly or indirectly at the time of filing, had been revoked and so the USCIS found that VSG's petition was not valid for porting under 8 U.S.C. § 1154(j), nor that its priority date transferred to Mastech's I-140 pursuant to 8 C.F.R. § 204.5(e). CAR 484, 1976. In response to these denial Ms. Mantena commenced the instant action seeking judicial review of both denials. ECF Doc. No. 1.

Shortly thereafter the USCIS sua sponte reopened its decisions revoking VSG's I-140 and denying both of Ms. Mantena's applications for adjustment of status. CAR 182, 498, 1976.  In response to these decisions, Ms. Mantena filed her First Amended Complaint in this matter, asking this Court to direct the USCIS to make a final decision regarding the proposed revocation of VSG's I-140 and her applications for adjustment of status within a reasonable time. ECF Doc. No. 51.

Then, on October 30, 2017 the USCIS again revoked VSG's I-140 upon Ms. Mantena's behalf, CAR 117,  as well as once more denying her mentioned applications for adjustment of status on November 2, 2017.  CAR 468, 1942. The denial of Ms. Mantena's applications for adjustment of status were both premised solely upon USCIS' revocation of VSG's I-140 upon Ms.

Mantena's behalf. Id. However, the decision revoking that I-140 petition expressly stated that the revocation decision would not be "final" if a timely appeal of it were filed. CAR 146.

On November 16, 2017 Ms. Mantena filed a timely appeal of the USCIS' decision revoking yet again VSG's I-140 upon her behalf. CAR 103. In it she raised all of the issues mentioned in response to the NOIR, and also argued and provided evidence that the revocation was invalid because VSG's I-140 had already been revoked by VSG's cessation of business. Id. While that appeal was pending, Ms. Mantena filed a Second Amended Complaint on January 25, 2018 asking this Court to hold unlawful and set aside the denial of both of her Forms I-485 (as well as associated Forms I-131 and I-765) under the Administrative Procedure Act as not in accordance with law and/or arbitrary and capricious. ECF Doc. No. 64. Although the USCIS subsequently reopened these applications, ECF Doc. 80 at 8, the Court denied its motion to dismiss Ms. Mantena's Second Amended Complaint on the ground of such reopening. ECF Doc. No. 88.

Then on November 15, 2018 the USCIS' Administrative Appeals Office (AAO)'s dismissed Ms. Mantena's appeal of the USCIS' Texas Service Center (TSC) director revoking Vision Systems Group, Inc. (VSG)'s immigrant visa petition for. Ms. Mantena. The AAO's decision did not dispute that the VSG's business's termination triggered the automatic revocation of the petition's approval long before the instant revocation. Nor did it dispute that the Board of Immigration Appeals held in *Matter of Cintron*, 16 I&N Dec. 9 (BIA 1967) that a denied petition cannot be revoked. Nor did it dispute that the revocation of a petition operates to deny it, nor that the AAO itself had held on at least 5 different occasions, cited in Ms. Mantena's appellant brief, that a petition cannot be revoked again after it is otherwise been revoked once. Nevertheless, the AAO failed to decide Ms. Mantena's argument that the revocation was invalid because VSG's I-140 had already been revoked by VSG's cessation of business. CAR 58. Neither

did it address this argument in its decision denying Ms. Mantena's subsequent motions to

reopen and/or reconsider its decisions. CAR 1 and 24.

Plaintiff's Third Amended Complaint ensued. ECF Doc. No. 115.

**IV.**   SUMMARY OF ARGUMENT

Ms. Mantena does not dispute that VSG's I-140 upon her behalf was properly revoked.

However, the basis upon  which it was revoked is critical. The AAO held that VSG's I-140 was

properly revoked due to "fraud" in the labor certification. However,  as will be shown that was not,

or at least should not be held, to be the case. In fact, the I-140 was already revoked automatically

long before the USCIS purported to revoke it due to fraud in 2017, either by withdrawal, or by the

cessation of VSG's business, or both. What is more, the purported basis for revoking the petition on

grounds of fraud, the claim that the labor certification was obtained by fraud, is premised upon an

ultra vires regulation which improperly gives the USCIS the final say over whether a labor

certification is approvable or not, an authority which Congress has unmistakably given solely to the

Secretary of Labor.

This issue of whether the I-140 was properly revoked for "fraud" will become critical in the

final analysis because under the Adjudicator's Field Manual at the time Mastech, Inc.'s I-140 upon

Ms. Mantena's behalf was approved, the priority date of an approved I-140 automatically transferred

to any I-140 subsequently approved upon the beneficiary's behalf, so long as the I-140 was not

revoked for "fraud". If VSG's I-140's 2006 priority date transferred to Mastech's I-140 upon Ms.

Mantena's behalf when it was approved on July 2, 2014, then there is currently a visa available to

Ms. Mantena and so she can adjust status based upon Mastech's I-140 upon her behalf.


**V.**   ARGUMENT

14

A. USCIS' PURPORTED REVOCATION FOR FRAUD OF VSG'S I-140 WAS INEFFECTIVE BECAUSE VSG'S PETITION HAD ALREADY BEEN AUTOMATICALLY REVOKED BY OPERATION OF LAW

1. *VSG's I-140 was automatically revoked by its withdrawal*

Inasmuch as the 2nd Circuit has held that CNC Consulting, Inc. (CNC) "was permitted to adopt the I-140 made by VSG", and that it "only makes sense that the subsequent employer be treated as the *de facto* petitioner" *Id*., accordingly, CNC should be treated as having all of the rights of VSG as a petitioner pertaining to its petition upon Ms. Mantena's behalf, including the right to withdraw it.

Since the withdrawal of VSG's I-140 caused that petition to be automatically revoked at the time the withdrawal was filed, 8 C.F.R. § 205.1(a)(3)(iii)(C)(2016), the petition could not thereafter be revoked on any other ground. See *Matter of Cintron,* 16 I&N Dec. 9 (BIA 1967), holding that a withdrawn petition cannot be revoked. Further, the Administrative Appeals Office has ruled in at least 5 unpublished decisions[5]

But even if this Court chooses to defer to the USCIS' decision that the beneficiary, rather than the new employer, steps into the shoes of the petitioner when she exercises her right to "port" that petition to another employer, still, that should give Ms. Mantena the right to revoke the petition. Since both CNC and Ms. Mantena acted jointly to inform the USCIS of their decision to revoke VSG's I-140, either way, the petition should be treated as automatically revoked as of October 6, 2016, well before its (final) revocation for fraud in 2017. The purported revocation was actually a nullity inasmuch as *Cintron* prohibits a revoked petition from being revoked again on a different ground.

2. *VSG's I-140 was automatically revoked by the termination of its business.*

VSG has been held to have ceased doing business no later than January 29, 2015. *Musunuru v. Holder*, 81 F. Supp. 3d 721, 725 (1/29/15 E.D. Wis.) ("… the USCIS issued to VSG a notice of intent to revoke the I-140 petition VSG obtained on behalf of petitioner. Having gone out of business, VSG failed to respond."). *Accord, Musunuru v. Lynch*, 831 F.3d 880, 881 (7th Cir. 2016) ("USCIS sent notice of its intent to revoke the petition to VSG only, even though VSG had gone out of business …").  Further, on November 28, 2016 a Settlement Agreement and Order was entered into with the consent of all the defendants in this action on November 28, 2016 in *Ramalingam v. Beers*, Civil Action No. 2:13-CV-07416 KM, acknowledging that VSG had ceased doing business and so that an I-140 filed upon its behalf was automatically revoked.

8 CFR § 205.1(a)(3)(iii)(D)(2015) provided on January 29, 2015 that "Upon termination of the employer's business in an employment-based preference case under section 203(b)(1)(B), 203(b)(1)(C), 203(b)(2), or 203(b)(3) of the Act, … the petition would be automatically revoked." Accordingly, VSG's I-140 was revoked by operation of law long before the purported revocation on the grounds of fraud, either on the grounds it was withdrawn, or the petitioner went out of business, or both and, therefore, it could not have been revoked again in 2017.

 5 U.S.C. § 706 provides that a district court shall " hold unlawful and set aside agency action,

findings, and conclusions found to be **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; … .".For the reasons set forth above, the AAO's decision dismissing Ms. Mantena's appeal of the revocation of VSG's I-140 upon her behalf, despite the fact that it had already been automatically revoked by Mantena and/or CNC's withdrawal of the same, as well as by VSG's cessation of business, was not in accordance with law

WHEREFORE the Court should hold unlawful and set aside the AAO's decision dismissing Ms. Mantena's appeal of the purported re-revocation of VSG's I-140 on the grounds that it is not in accordance with law.

B.  THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW IN FINDING THAT
VSG'S LABOR CERTIFICATION WAS REVOKED FOR FRAUD INASMUCH AS
THAT FINDING WAS BASED SOLELY UPON THE ULTRA VIRES
INVALIDATION OF THAT LABOR CERTIFICATION

The sole basis for the USCIS' finding that VSG's petition was revoked for fraud were

alleged misrepresentations on the labor certification. The AAO did not dispute in its decision

dismissing Ms. Mantena's appeal that the USCIS has no standing to complain of errors on the

labor certification except to the extent that they provided a basis for it to properly invalidate that

labor certification pursuant to 20 C.F.R. § 656.30(d). However, inasmuch as this regulation is

*ultravires* as an impermissible attempt to delegate final authority over the issuance of labor

certifications from the Secretary of Labor to the Secretary of Homeland Security, this effort fails as

well.

 8 U.S.C. § 1182(a)(5)(A)(i) provides that:

> -Any alien who seeks to enter the United States for the purpose of performing
> skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined
> and certified to the Secretary of State and the Attorney General that--
>
> **(I)**  there are not sufficient workers who are able, willing, qualified (or equally  qualified
> in  the  case  of  an  alien  described  in  clause  (ii))  and  available  at  the  time  of
> application for a visa and admission to the United States and at the place where the alien
> is to perform such skilled or unskilled labor, and
>
> **(II)**  the  employment  of  such  alien  will  not  adversely  affect  the  wages  and  working
> conditions of workers in the United States similarly employed.

This section provides no authority to the USCIS or anyone else to approve or invalidate certifications under Section 212(a)(5)(A)(i) of the Act except the Secretary of Labor.  Nor can it be considered a reasonable interpretation of this statute for the Secretary of Labor to be able to delegate her authority to an entity or individual not under her control, and allow such an entity or individual to countermand the decision which Congress allowed her alone to make. *See United States   Telecom   Ass'n   v.   FCC*, 359   F.3d   554,   565-66   (D.C.   Cir.   2004) ("subdelegations  to  outside  parties  are  assumed  to  be  improper  absent  an affirmative showing of congressional authorization."); *G.H. Daniels III & Assocs. v. Perez*, 626 F. App'x 205, 209-12 (10th Cir. 2015) (DHS regulations delegating to DOL the power to block the issuance of H-2B petitions by refusing temporary labor certifications are ultra vires in the absence of any express Congressional authorization, even though the statue provides for DHS "consultation" with DOL on H-2B petitions).

Here § 656.30(d) is *ultra vires* for the very same reason DHS H-2B regulations were unauthorized. However, here, unlike in *Perez*, there is not even the requirement of "consultation" between the DOL and the DHS on the issuance of labor  certification  -  sole  authority is  vested in the  Secretary of  Labor  alone. Further, the Secretary of Labor has no means of overturning a DHS invalidation of her own certification. Therefore this rule runs directly afoul of the holding of *U.S. Telecom*:  "[A] federal agency may turn to an outside entity for advice and policy recommendations, provided the agency makes the final decisions itself." Here if the USCIS is allowed to invalidate this certification it, and not the Secretary of Labor, will be making the final decision as to whether the certification should be issued. *Id*. at 568. *See also Fund for Animals v. Kempthorne*, 538 F.3d 124, 133 (2d Cir. 2008) ( an agency abdicates its final reviewing authority if all it reserves for  itself  is  "the  extreme  remedy  of  totally  terminating  the  [delegation agreement],"). Here the DOL has not reserved any remedy at all for overcoming a USCIS

invalidation of this labor certification. Even if it adopted the even more extreme remedy of repealing § 656.30(d), that still would not be sufficient to revalidate any labor certification the USCIS had already invalidated.

Accordingly the finding that VSG's I-140 was revoked for fraud should be held unlawful and set aside as not in accordance with law.

## C. *DECLARATORY JUDGMENT*

Ms. Mantena asks this Court to declare the rights and other legal relations of herself and the USCIS. Specifically, she asks that this Court declare that the priority date of the I-140 approved upon Ms. Mantena's behalf under 8 U.S.C. § 1153(b)(2) by VSG transferred to the I-140 filed upon her behalf by Mastech, Inc. on the date that the latter petition was approved.

For this determination Ms. Mantena relies upon 8 C.F.R. § 204.5(e) as it existed on July 2, 2014, the date Mastech's I-140 was approved, and the Adjudicator's Field Manual, which provides that:

> Determining the Priority Date. In general, if a petition is supported by an individual labor certification issued by DOL, the priority date is the earliest date upon which the labor certification application was filed with DOL. In those cases where the alien's priority date is established by the filing of the labor certification, once the alien's Form I-140 petition has been approved, the alien beneficiary retains his or her priority date as established by the filing of the labor certification for any future Form I-140 petitions, unless the previously approved Form I-140 petition has been revoked because of fraud or willful misrepresentation. This includes cases where a change of employer has occurred; however, the new employer must obtain a new labor certification if the classification requested requires a labor certification (see the section on successor in interest).

AFM 22.2(d)(1) (2014)

Wherefore, inasmuch as, as set forth above, VSG's I-140 upon behalf of Ms. Mantena was never properly revoked for fraud or willful misrepresentation, therefore this Court should declare Mastech's I-140's priority date upon her behalf to be January 13, 2006.

**VI. CONCLUSION**

The USCIS's decision to revoke VSG's I-140 upon Ms. Mantena's behalf on the grounds of fraud and its invalidation of VSG's Application for Employment Certification upon her behalf should both be held unlawful and set aside. Further, the Court should enter a declaratory judgment holding that the priority date accorded to VSG's said I-140 has transferred to Mastech's I-140 upon Ms. Mantena's behalf upon its approval.

Respectfully Submitted this 8th day of July, 2020

/s/ *Michael E. Piston*

Michael E. Piston (MI 002)
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
646-845-9895
Fax: 206-770-6350